[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT
The plaintiff has moved this court to find the defendant in contempt of the judgment of dissolution entered by this court (MacDonald, R.) entered on February 9, 1979.
As part of that judgment the defendant was obligated by the terms of the parties separation agreement which was incorporated into the judgment to do the following:
13. The defendant shall make the children irrevocable beneficiaries on each of the Travelers Insurance Travelers Insurance Policies in the face amount of $40,000.00 which are listed on his financial affidavit.
14. The defendant shall make the plaintiff the irrevocable beneficiary of the $20,000.00, [$20,000]. Prudential policy listed on his affidavit. Said policy will be in effect as long as the plaintiff remains unmarried.
The plaintiff offered evidence and testimony to the effect that the defendant no longer maintains those two insurance policies.
The defendant offered evidence and testimony that he continues to maintain the requisite coverage, albeit through a different carrier as part of his employment benefits package. (Plaintiff's Ex. 19). CT Page 13067
The court finds that the intent of the dissolution judgment was to obligate the defendant to maintain the amount of insurance specified in paragraphs 13 and 14 of the separation agreement. While they were identified as Travelers and Prudential policies in the 1979 decree, that was due to the fact that those were the policies owned at that time by the defendant and listed as assets on his financial affidavit. The court does not accept the plaintiff's claim that comparable polices held with other insurers is a contempt of the 1979 order.
The defendant does have other comparable insurance. There was no evidence presented to show that the policies currently held by the defendant are deficient in any way. For that reason the plaintiff's motion for contempt is hereby denied. No counsel fees or other costs are awarded to either party in regard to this motion.
By the Court,
Joseph W. Doherty, Judge